Jones, Judge:
This claim was filed before the Attorney General, prior to the creation of this Court; and now comes before the Court upon a stipulation of facts which may be summarized as follows:
In the years 1958, 1959 and 1960, the claimant was awarded contracts by the State Road Commission for the construction of 14 bridges incorporated in the Interstate Route 64 construction project. None of said contracts provided for the payment of labor rates in excess of those specifically set out. The contracts required that the claimant complete the bridges within a specified number of working days after the commencement of the several projects and it is not contended that the claimant failed in this respect. The claimant was not permitted to begin work on said projects until after lapses of time of nine months, seventeen months, three months, four months, fifteen months, thirteen months, ten months, six months, seven months, two months, two weeks, twelve months, nine and one-half months and four months, and on several of the projects the claimant *2 Was required to cease work for periods of several weeks up to one year. The bids were made by the claimant on the basis of the hourly wages prescribed for the claimant pursuant to its contract with the Constructors’ Labor Council of West Virginia, Inc., in effect at the time the bids were tendered. The labor contract provided for wage rate increases in January, 1959, 1960 and 1961. The State Road Commission has agreed upon “expected completion dates” for each of said bridge projects; and the applicable labor rates which the claimant was required to pay subsequent to said “expected completion dates” resulted in an increased cost to the claimant under each of the contracts. Had the claimant been allowed to proceed at the time it was awarded each contract the losses would not have occurred. The original claim of the claimant was for the aggregate amount of $19,794.48, and under the stipulation this has been reduced to $14,500.02.
In our opinion the losses sustained by the claimant were caused by the State Road Commission, and were in no way the fault of the claimant; the claim is just and proper; and an award is made to the claimant in the sum of $14,500.02.